IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRENCE JOHNSON; JIM HARRIS; ALEXANDER FRIEDMANN; and JOSHUA ROBERTS[1] | ) ) ) ) |
| v. | ) No. 3-08-0187 |
| PHIL BREDESEN, Governor of the State of Tennessee; BROOK THOMPSON, Coordinator of Elections; RILEY DARNELL, Secretary of State of Tennessee; JAMES JOHNSON, Administrator of Elections for Shelby County; KIM BUCKLEY, Administrator of Elections for Madison County; and RAY BARRETT, Administrator of Elections for Davidson County, in their official capacities | ) ) ) ) ) ) ) ) ) ) ) ) |

O R D E R

On November 7, 2008, plaintiff Alexander Friedmann and defendant Ray Barrett filed a Stipulation of Dismissal of Count Six of the Amended Complaint (Docket Entry No. 90).[2]

By order entered September 22, 2008, Counts One through Five of the amended complaint were dismissed, leaving only Count Six for adjudication.

---

[1] By order entered September 22, 2008 (Docket Entry No. 86), the claims of plaintiffs Terrence Johnson, Jim Harris, and Joshua Roberts were dismissed and defendants James Johnson and Kim Buckley were dismissed as defendants.

[2] Defendants Bredesen, Darnell and Thompson did not formally enter into the stipulation because they believe that they are not proper defendants to the claim in Count Six. Whether or not those defendants are "proper" defendants for Count Six is less the question than whether they are named in Count Six--properly or improperly. By order entered September 22, 2008 (Docket Entry No. 85), the motion of the state defendants for judgment on the pleading (Docket Entry No. 58) was granted. However, the motion of the state defendants only sought judgment on Counts One through Five, and specifically did not seek judgment on Count Six because Count Six asserted "a due process violation" and was "not a facial challenge to the requirements set forth in the challenged statutes" see Docket Entry No. 59, at 3 n.3, which suggests to the Court that they believed that plaintiff Friedmann asserted claims against them in Count Six.

Regardless, the Court construes the parties' representation of non-opposition by the state defendants to be tantamount to joining in the stipulation such that the case can be dismissed.

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, no further action on the part of the Court is required.

Therefore, this action is hereby DISMISSED with prejudice and the Clerk is directed to close this case on the records of the Court.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge